## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

GEORGE W. SCHWAN,                                    Case No.: 3:17-bk-00912-JAF

        Debtor.                                           Chapter 7

_____/

### TRUSTEE'S RESPONSE IN OPPOSITION TO CREDITOR LINDA DIAMOND'S MOTION TO DISMISS CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 707(a)

Aaron R. Cohen, Chapter 7 Trustee (the "Trustee"), by and through undersigned counsel, files this Response in Opposition to the Motion to Dismiss Chapter 7 Case Pursuant to 11 U.S.C. § 707(a) (the "Motion") (Doc. 27) filed by creditor, Linda Diamond, in her capacity as Personal Representative of the Estate of Benjamin Diamond, as Successor Trustee of the Benjamin Diamond Revocable Trust dated 12/30/2003 and as President of Diamond Neon Supply Company, a Florida corporation (the "Creditor"), and in support thereof says:

1.        On March 20, 2017 (the "Petition Date"), the Debtor, George W. Schwan (the "Debtor"), filed a voluntary petition for relief (the "Petition") under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in the case styled *In re George W. Schwan*, Case No. 3:17-bk-00912-JAF (the "Bankruptcy Case").

2.        On June 16, 2017, the Creditor filed a Complaint to Determine and Avoid Dischargeability of Debt Owed to Linda Diamond against the Debtor (the "Complaint") initiating the adversary proceeding styled *Linda Diamond, as Personal Representative of Estate of Benjamin Diamond and as Successor Trustee of the Benjamin Diamond Revocable Trust u/t/d 12/30/2003, and as President of Diamond Neon Supply Company, a Florida corporation v.*

42332913;1

*George Schwan*, Adv. Proc. No. 3:17-ap-00115-JAF (the "Adversary Proceeding"). The Debtor

filed a Motion to Dismiss the Adversary Proceeding which is currently pending.

3.　　　　After filing the Adversary Proceeding, on July 9, 2017, the Creditor filed the

Motion seeking dismissal of the Bankruptcy Case pursuant to § 707(a) of the Bankruptcy Code.

On July 20, 2017, the Debtor filed a Response in Opposition to the Motion (Doc. 30) (the

"Debtor's Response"). While the Trustee does not adopt all of the Debtor's positions in the

Debtor's Response, the Trustee does oppose the Motion.

4.　　　　Section 707(a) allows the Court to dismiss a case for "cause" which is not defined

in the Bankruptcy Code. In *In re Piazza*, 719 F.3d 1253, 1261 (11th Cir. 2013), the case relied

upon by the Creditor, the Eleventh Circuit held that a case could be dismissed under § 707(a)

based upon prepetition bad faith. The court also held in *Piazza* that a "totality-of-the-

circumstances approach is the correct legal standard for determining bad faith under § 707(a)."

719 F.3d at 1271. The court then explained that,

> The totality-of-the-circumstances inquiry looks for "atypical"
> conduct, that falls short of the "honest and forthright invocation of
> the [Bankruptcy] Code's protections." In making that
> determination, bankruptcy courts must, as they so often do, "sift
> the circumstances surrounding [a] claim to see that injustice or
> unfairness is not done." Under this inquiry, bad faith is ultimately
> "evidenced by the debtor's deliberate acts or omissions that
> constitute a misuse or abuse of the provisions, purpose, or spirit of
> the Bankruptcy Code.

*Piazza*, 719 F.3d at 1271-72 (internal citations omitted).

5.　　　　Additionally, this Court has held that, "The focus of a court's bad faith analysis

should be a debtor's intent and purpose at the time of the filing of the petition." *In re Wierzbicki*,

506 B.R. 935, 945 (Bankr. M.D. Fla. 2014). In *Wierzbicki*, the debtor filed the Chapter 7 case

primarily to deal with a large unsecured deficiency judgment obtained against him by the

mortgagee of the debtor's weekend home.  The deficiency judgment was the only unsecured debt listed on the debtor's schedules, although the debtor also had priority debt to the IRS.  This Court denied the motion to dismiss for bad faith filing based upon the totality of the circumstances, since the debtor had tried to modify the mortgage which resulted in the deficiency judgment, there was no evidence of a non-economic motive in filing the bankruptcy petition, no evidence that the debtor racked up more debt on the eve of filing, made incomplete or false disclosures or failed to cooperate with the trustee.

6.      The Creditor urges the Court to dismiss the Bankruptcy Case on the basis of bad faith, based upon the Debtor's alleged prepetition fraudulent actions and the fact that the Debtor filed the bankruptcy petition solely to avoid payment of Creditor's judgment.  However, the totality of the circumstances do not warrant dismissal of this case for bad faith filing.  The fact that the Debtor may have filed the bankruptcy petition to avoid payment of a single creditor's debt is not unusual in the bankruptcy context and standing alone, does not constitute bad faith. Similarly, the Debtor's alleged prepetition fraudulent actions which resulted in the Creditor's judgment may not be admirable, but they do not evidence "deliberate acts or omissions that constitute a misuse or abuse of the provisions, purpose, or spirit of the Bankruptcy Code."

7.      Additionally, the Creditor has already filed the Adversary Proceeding seeking to except her debt from the Debtor's discharge pursuant to § 523 and, if the Creditor is successful, the Creditor will be able to continue to pursue the Debtor for payment of her judgment notwithstanding this Bankruptcy Case.

8.      The Trustee does not believe cause exists to dismiss this case and that the Motion should be denied.   The Trustee believes there will be assets available for distribution to

unsecured creditors.  The Trustee has been investigating claims that belong to the bankruptcy estate and is optimistic a settlement with a meaningful return to creditors can be reached.

9.    The Motion was also not filed timely and as a result the bankruptcy estate has incurred administrative fees and costs.

WHEREFORE, Aaron R. Cohen, Chapter 7 Trustee, respectfully requests this Court enter an Order denying the Motion to Dismiss and granting such other and further relief as the Court deems just and proper.

Dated: July 25, 2017                                          AKERMAN LLP

By:*/s/ Jacob A. Brown*
    Jacob A. Brown
    Florida Bar No.: 0170038
    Email: jacob.brown@akerman.com
    Raye C. Elliott
    Florida Bar No.: 018732
    Email: raye.elliott@akerman.com
    50 North Laura Street, Suite 3100
    Jacksonville, FL  32202
    Telephone:  (904) 798-3700
    Facsimile:  (904) 798-3730

Attorneys for Aaron R. Cohen, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished either by electronic notification or by United States mail, postage prepaid and properly addressed, this 25th day of July, 2017, to:

George W. Schwan
1823 Barksdale Drive
The Villages, FL 32162-7007

David S. Jennis, Esq.
Eric D. Jacobs, Esq.
Jennis Law Firm
400 North Ashley Drive, Suite 2450
Tampa, FL 33602

Aaron R. Cohen, Chapter 7 Trustee
P.O. Box 4218
Jacksonville, FL 32201-4218

United States Trustee - JAX 13/7
Office of the United States Trustee
George C. Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

Christian W. Waugh, Esq.
13940 U.S. Hwy 441, Suite 906
The Villages, FL 32159

/s/ Jacob A. Brown
Attorney

42332913;1

5