UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

GEORGE W. SCHWAN,   Case No.: 3:17-bk-00912-JAF

Debtor.   Chapter 7
_____/

TRUSTEE'S AMENDED[1] MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT BY AND AMONG TRUSTEE, DEBTOR, DIANE SCHWAN, GALE
DEEM, THE DIANE L. SCHWAN TRUST AND RIGHT TIME INVESTMENTS, LLC

> **NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**
>
> Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.
>
> If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 300 North Hogan Street, Suite 3-150, Jacksonville, FL 32202 and serve a copy on the movant's attorney, Jacob A. Brown, Esq., Akerman LLP, 50 North Laura Street, Suite 3100, Jacksonville, FL 32202, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.
>
> If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Aaron R. Cohen, Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, and pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Bankruptcy Rule 2002-4, moves the Court for entry of an Order in the form attached hereto as **Exhibit A** (the "Order Approving Settlement Agreement"), approving the terms of the settlement agreement described below (the "Settlement Agreement") by and among (i) the Trustee, on the one hand,

---

[1] Amended to include Certificate of Service.

42791088;1

and (ii) the Debtor, George W. Schwan (the "Debtor"), (iii) Diane Schwan ("Diane"), (iv) Gale Deem ("Gale"), (v) the Diane L. Schwan Trust (the "Trust"), and (vi) Right Time Investments, LLC ("Right Time"), on the other hand. In support of this Motion, the Trustee says:

## I.   Bankruptcy Case Background

On March 20, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") (Doc. 1) under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court"), in the case styled *In re George W. Schwan*, Case No: 3:17-bk-00912-JAF (the "Bankruptcy Case"). On March 21, 2017, the Trustee was appointed Chapter 7 Trustee in the Bankruptcy Case.

## II.   The Pinellas County Case

Prior to the Petition Date, Linda Diamond, as Personal Representative of the Estate of Benjamin Diamond and as Successor Trustee of the Benjamin Diamond Revocable Trust Dated 12/30/2003 and as President of Diamond Neon Supply Company (collectively, "Linda") filed a complaint against the Debtor (the "State Court Complaint"), initiating the case styled *Linda Diamond, et al. v. George W. Schwan*, Case No. 11-003902-ES (the "State Court Action") in the Sixth Judicial Circuit Court in and for Pinellas County, Florida, Probate Division (the "State Court").

On August 8, 2013, the State Court entered an Amended Order Granting Final Summary Judgment against the Debtor and in favor of Linda in the amount of $225,000 as to Count I of the State Court Complaint (the "State Court Judgment").

On September 7, 2016, Linda filed Plaintiff's Supplementary Proceedings Amended Complaint for Fraudulent Conveyance and Conspiracy Against Defendant and Third Party

Defendants, whereby Linda alleged, *inter alia*, that the Debtor had failed to pay Linda any amounts owing under the State Court Judgment, and sought additional relief against (i) the Debtor, (ii) Diane, individually, (iii) Diane, as trustee of the Trust, (iv) Gale, and (v) Right Time, with respect to certain alleged fraudulent conveyances, and further sought an equitable lien on certain property located at 1833 Barksdale Drive, The Villages, FL 32162 (collectively, the "Proceedings Supplementary Claims").

The Debtor and Diane, Diane as trustee of the Trust, Gale, and Right Time (collectively, the "Debtor-Related Parties") dispute the Proceedings Supplementary Claims entirely. The Trustee asserts, and the Debtor and Debtor-Related Parties agree, that the Proceedings Supplementary Claims are property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541, and the Trustee is the proper party to prosecute and/or settle the Proceedings Supplementary Claims. Linda, through her counsel, has acknowledged that all claims for collection on the State Court Judgment and the Proceedings Supplementary Claims are property of the Debtor's bankruptcy estate.

### III.   Bankruptcy Case Proceedings

A.   The Adversary Proceeding

On June 16, 2017, Linda filed a Complaint to Determine and Avoid Dischargeability of Debt Owed to Linda Diamond against the Debtor (the "Discharge Complaint"), initiating the adversary proceeding styled *Linda Diamond, as Personal Representative of Estate of Benjamin Diamond, et al. v. George Schwan*, Adv. Proc. No. 3:17-ap-00115-JAF (the "Adversary Proceeding"). The Debtor filed a Motion to Dismiss the Adversary Proceeding, which is currently pending.

B.     The Motion to Dismiss Chapter 7 Case.

On July 9, 2017, Linda filed a Motion to Dismiss Chapter 7 Case Pursuant to 11 U.S.C. § 707 (the "Motion to Dismiss Bankruptcy Case") (Doc. 27), on grounds that, *inter alia*, the Debtor filed the case solely to avoid Linda's efforts to collect on the State Court Judgment and accordingly, the Bankruptcy Case should be dismissed for cause pursuant to Section 707(a) of the Bankruptcy Code.

On July 20, 2017, the Debtor filed a Response in Opposition to Linda Diamond's Motion to Dismiss Chapter 7 Case Pursuant to 11 U.S.C. § 707(a) (the "Debtor's Response to Motion to Dismiss Bankruptcy Case") (Doc. 30). The Debtor argues, *inter alia*, that the State Court Judgment was entered as the result of the Debtor's State Court counsel's failure to defend the State Court Action, and the Debtor has made several reasonable settlement offers to Linda that she has refused. The Debtor concludes the requisite cause to dismiss the Bankruptcy Case does not exist.

On July 25, 2017, the Trustee filed a Response in Opposition to Creditor Linda Diamond's Motion to Dismiss Chapter 7 Case Pursuant to 11 U.S.C. § 707(a) (the "Trustee's Response to Motion to Dismiss Bankruptcy Case") (Doc. 32). The Trustee argues that cause, including but not limited to bad faith on the part of the Debtor, does not exist to dismiss the Bankruptcy Case, and there will be assets available for a meaningful distribution to creditors.

A preliminary hearing on the Motion to Dismiss Bankruptcy Case is scheduled for September 6, 2017 at 1:30 p.m.

C.     Linda's Claim in the Bankruptcy Case

On April 19, 2017, Linda, on behalf of the Estate of Benjamin Diamond, filed claim no. 1-1 in the Bankruptcy Case in the amount of $225,000 based upon the Judgment. On July 9,

4

2017, Linda, on behalf of the Estate of Benjamin Diamond, filed an amended claim no. 1-1 in the amount of $342,482.57 to add interest and fees owed on the Judgment (the "Linda Claim").

D.    The Trustee's Pleadings

On May 5, 2017, the Trustee filed an Objection to the Debtor's Claims of Exemptions and Amended Claims of Exemptions (the "Objection to Exemptions") (Doc. 11) on grounds that, *inter alia*, (i) the values of the property claimed exempt are too low and exceed the amount the Debtor is entitled to claim exempt under applicable law, and (ii) the Debtor is not entitled to claim property exempt under a tenancy by entireties theory to the extent there are debts owed jointly by the Debtor and his non-filing spouse, Diane.

Also on May 5, 2017, the Trustee filed a Motion for Turnover of Property of the Estate (the "Turnover Motion") (Doc. 12), seeking an Order compelling the Debtor to turn over, *inter alia*, (i) a 2006 Hurricane boat which the Debtor scheduled as having a value of $6,800, and (ii) any property determined not to be exempt through resolution of the Objection to Exemptions and Turnover Motion.

The Debtor filed Responses in Opposition to the Objection to Exemptions (Doc. 14) and Turnover Motion (Doc. 16), disputing the respective relief requested therein.

### IV.    Terms of the Settlement Agreement

The Trustee, the Debtor, Diane individually, Diane as trustee of the Trust, Gale, and Right Time (collectively, the "Settling Parties") have agreed to a settlement of all known claims arising from and related to the Bankruptcy Case and the State Court Case, including but not limited to claims related to the State Court Complaint, State Court Judgment, Proceedings Supplementary Claims, Motion to Dismiss Bankruptcy Case, Debtor's Response to Motion to

5

42791088;1

Dismiss Bankruptcy Case, Trustee's Response to Motion to Dismiss Bankruptcy Case, Linda Claim, Objection to Exemptions, and Turnover Motion (the "Settled Claims"), whereby:

1) The Debtor and the Debtor-Related Parties shall pay the Trustee $52,000 (the "Settlement Payment") on or before the fourteenth (14th) day after entry of the Order Approving Settlement Agreement in substantially the form attached hereto as **Exhibit A** becomes final and non-appealable (the "Final Order");

2) The source of the Settlement Payment will be funds in Diane's 401k retirement account;

3) The Settlement Payment shall be by check payable to Aaron R. Cohen, Trustee, and mailed to the Trustee at Post Office Box 4218, Jacksonville, FL 32201-4218;

4) The Settlement Payment shall be property of the Debtor's bankruptcy estate, free and clear of all liens, claims, and encumbrances, and the Trustee shall distribute the Settlement Payment in accordance with the provisions of 11 U.S.C. § 726;

5) Upon the Trustee's timely receipt of the Settlement Payment in good and sufficient funds, the Trustee will withdraw the Objection to Exemptions and Turnover Motion;

6) Upon the Trustee's timely receipt of the Settlement Payment in good and sufficient funds, the Bankruptcy Court shall enter an order providing for the lis pendens on 1833 Barksdale Drive, The Villages, FL 32162 to be dissolved.

7) Except as otherwise specifically provided in this Settlement Agreement, upon the Order Approving Settlement Agreement becoming a Final Order and the Settlement Payment being timely made to the Trustee, the Trustee on behalf of the Debtor and the bankruptcy estate, shall be deemed to have released the Debtor and the Debtor-Related Parties and each of their current and former subsidiaries, affiliates, predecessors, successors, assigns, officers, directors,

shareholders, employees, agents, representatives and counsel (collectively, the "Debtor Releasees"), from any and all known or unknown claims, causes of action, suits, debts, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind whatsoever, including but not limited to any and all claims arising out of or related to 11 U.S.C. §§ 544, 547 to 551, Chapter 726 of the Florida Statutes, the State Court Complaint, State Court Judgment, and Proceedings Supplementary Claims; *provided, however* that this release shall not release nor be deemed to have released any other claims, causes of action, suits or demands of the Trustee or the estate of any kind against any person or entity besides the Debtor Releasees;

8) Except as otherwise specifically provided in this Settlement Agreement, upon the Order Approving Settlement Agreement becoming a Final Order, the Debtor Releasees, its and their current and former subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, shareholders, employees, agents, representatives and counsel, shall be deemed to have released the Trustee and the bankruptcy estate and each of his and its current and former subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, shareholders, employees, agents, representatives and counsel (collectively, the "Trustee Releasees"), from any and all known or unknown claims, causes of action, suits, debts, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind whatsoever, including but not limited to any and all claims arising out of or related to 11 U.S.C. §§ 544, 547 to 551, Chapter 726 of the Florida Statutes, the State Court Complaint, State Court Judgment, and Proceedings Supplementary Claims; *provided, however* that this release shall not release nor be deemed to have released any other claims, causes of action, suits or demands of the Trustee or the estate of any kind against any person or entity besides the Trustee Releasees; and

9) Except as otherwise specifically provided in this Settlement Agreement, upon the Order Approving Settlement Agreement becoming a Final Order and the Settlement Payment being timely made to the Trustee, all creditors in this bankruptcy case and any other persons or entities who have held, hold or may hold claims against the Debtor, Trustee or the bankruptcy estate regardless of the filing, lack of filing, allowance or disallowance of such a claim or interest, and any successors, assigns or representatives of such entities shall be precluded and permanently enjoined on and after the Petition Date from (a) the commencement or continuation in any manner of any claim, action or other proceeding of any kind with respect to any claim, interest or any other right or claim against the Debtor and the Debtor-Related Parties for any and all matters related to the Debtor and the Debtor-Related Parties which it possessed or may possess prior to the Petition Date, including but not limited to the State Court Complaint, State Court Judgment, and Proceedings Supplementary Claims, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order with respect to any claim, interest or any other right or claim against the Debtor and the Debtor-Related Parties for any and all matters related to the Debtor and the Debtor-Related Parties which such entity possessed or may possess prior to the Petition Date, (c) the creation, perfection or enforcement of any encumbrance of any kind with respect to any claim, interest or any other right or claim against the Debtor and the Debtor-Related Parties for any and all matters related to the Debtor and the Debtor-Related Parties which it possessed or may possess prior to the Petition Date, and (d) the assertion of any claims that are released hereby.

10) The settlement and releases contained herein shall not impact any creditor's rights to assert a general unsecured nonpriority claim in the bankruptcy case or the Trustee's right to challenge the same.

42791088;1

11) The settlement and releases contained herein shall not impact any claim raised by Linda in the Adversary Proceeding or any defense of the Debtor thereto.

The Settlement Payment shall be allocated to the Proceedings Supplementary Claims.

If the Debtor and the Debtor-Related Parties fail to timely pay the Settlement Payment as described herein, then after ten (10) days written notice to the Debtor and Debtor-Related Parties and the Debtor's counsel and the failure of the Debtor and Debtor-Related Parties to cure within that ten (10) day period, the Trustee, upon submission of an affidavit stating that the Debtor and the Debtor-Related Parties failed to timely comply with the terms of this Settlement Agreement, shall be entitled to:

(i) retain any portion of the Settlement Payment received by the Trustee as of the date of the default;

(ii) entry of an order requiring the Debtor and Debtor-Related Parties to turn over the outstanding balance of the Buyback Payment along with interest on the outstanding sum at the rate of 18% per annum and all of the attorneys' fees and costs that the Trustee incurs in recovering sums due the estate from the Debtor and the Debtor-Related Parties, which obligations shall be joint and several as to the Debtor and Debtor-Related Parties; and

(iii) pursue the Proceedings Supplement Claims, Objection to Exemptions, Turnover Motion, and all other claims arising in or related to the Bankruptcy Case and any adversary proceedings the Trustee could bring.

**The Debtor fully understands and agrees that once an Order approving this Settlement Agreement is entered by the Bankruptcy Court, failure to comply with the**

9

42791088;1

**terms contained herein will be considered a "willful failure to obey a lawful court order" and shall serve as grounds for revocation of his discharge pursuant to 11 U.S.C. § 727.**

This Settlement Agreement shall be deemed the joint work product of all parties and their respective counsel, if any, and all parties shall be considered the drafters of this Settlement Agreement. Any rule of construction to the effect that any ambiguities are to be construed against the drafting party shall not be applicable in any interpretation of this Settlement Agreement. Each of the parties declares that they have been represented by counsel in connection with the negotiation of this Settlement Agreement or have had the opportunity and wherewithal to be represented by counsel in the review, negotiation, and execution of this Settlement Agreement, and that the terms and conditions of this Settlement Agreement are understood fully and agreed to voluntarily.

Because the costs and time involved in resolving the bankruptcy estate's interest in the Settled Claims other claims described herein could yield less than what creditors will receive as a result of this compromise, the Trustee believes that this compromise is reasonable and recommends it to the creditors of this estate.

SIGNATURES CONTINUE ON THE FOLLOWING PAGE

| JENNIS LAW FIRM | AKERMAN LLP |
|---|---|
| By: *Eric Jacobs* (signature)<br>David S. Jennis<br>Florida Bar No. 775940<br>Email: djennis@jennislaw.com<br>Eric D. Jacobs<br>Florida Bar No. 85992<br>Email: ejacobs@jennislaw.com<br>400 North Ashley Drive, Suite 2540<br>Tampa, FL 33602<br>Telephone: (813) 229-2800<br>Facsimile: (813) 229-1707 | By: (signature)<br>Jacob A. Brown<br>Florida Bar No.: 0170038<br>Email: jacob.brown@akerman.com<br>Katherine C. Fackler<br>Florida Bar No: 0068549<br>Email: katherine.fackler@akerman.com<br>50 North Laura Street, Suite 3100<br>Jacksonville, FL 32202<br>Telephone: (904) 798-3700<br>Facsimile: (904) 798-3730 |
| ATTORNEYS FOR DEBTOR | ATTORNEYS FOR AARON R. COHEN, CHAPTER 7 TRUSTEE |

THE UNDERSIGNED HEREBY AGREES TO AND ACCEPTS THE TERMS AND CONDITIONS IN THIS MOTION:

*Diane Schwan* (signature)

Diane Schwan

THE UNDERSIGNED HEREBY AGREES TO AND ACCEPTS THE TERMS AND CONDITIONS IN THIS MOTION:

THE DIANE L. SCHWAN TRUST

By: *Diane L. Schwan* (signature)
Name: DIANE L. SCHWAN
Title: TRUSTEE of THE DIANE L. SCHWAN REVOCABLE INTER VIVOS TRUST u/a/d 01/24/2012

THE UNDERSIGNED HEREBY AGREES TO AND ACCEPTS THE TERMS AND CONDITIONS IN THIS MOTION:

*Gale Deem* (signature)

Gale Deem

THE UNDERSIGNED HEREBY AGREES TO AND ACCEPTS THE TERMS AND CONDITIONS IN THIS MOTION:

RIGHT TIME INVESTMENTS, LLC

By: *Diane L. Schwan* (signature)
Name: DIANE L. SCHWAN
Title: CHIEF MANAGER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished either by electronic notification or U.S. mail, postage prepaid and properly addressed, this 5th day of September, 2017, to:

George W. Schwan
1823 Barksdale Drive
The Villages, FL 32162-7007

David S. Jennis, Esq.
Eric D. Jacobs, Esq.
Jennis Law Firm
400 North Ashley Drive, Suite 2450
Tampa, FL 33602

Aaron R. Cohen, Chapter 7 Trustee
P.O. Box 4218
Jacksonville, FL 32201-4218

United States Trustee - JAX 13/7
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

Diane Schwan
1823 Barksdale Drive
The Villages, FL 32162-7007

The Diane L. Schwan Trust
1823 Barksdale Drive
The Villages, FL 32162-7007

Gale Deem
c/o Jennifer Rey
Hogan Law Firm
20 S. Broad St.
Post Office Box 485
Brooksville, FL 34605

Right Time Investments, LLC
c/o its Registered Agent, Tiffaney Sterling
5732 NW 16th St. #35
Lauderhill, FL 33313

and to all parties on the attached mailing matrix.

/s/ Jacob A. Brown
Attorney

42791088;1

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:17-bk-00912-JAF<br>Middle District of Florida<br>Jacksonville<br>Tue Sep  5 16:02:15 EDT 2017 | ACAR LEASING LTD., d/b/a GM Financial Leasin<br>c/o KELLEY KRONENBERG ATTORNEYS AT LAW<br>c/o David Hicks<br>1511 N. Westshore Blvd., Suite 400<br>Tampa, FL 33607-4596 | Linda Diamond<br>c/o Waugh Law, P.A.<br>13940 US Hwy 441<br>SUITE 906<br>THE VILLAGES, FL 32159-8954 |
| George W. Schwan<br>1823 Barksdale Drive<br>The Villages, FL 32162-7007 | Bank of America<br>FL9-600-02-26<br>PO Box 45224<br>Jacksonville, FL 32232-5224 | Chistian W. Waugh<br>Waugh Law, PA<br>13940 US Highway 441<br>Suite 906<br>Lady Lake, FL 32159-8954 |
| Estate of Benjamin Diamond<br>c/o Christian W. Waugh<br>Waugh Law, P.A.<br>13940 US Higway 441, Ste 906<br>Lady Lake, FL 32159-8954 | Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | GM Finanical Leasing<br>75 Remittance Drive<br>Suite 1738<br>Chicago, IL 60675-1738 |
| Home Depot Credit Services<br>PO Box 790328<br>Saint Louis, MO 63179-0328 | Internal Revenue Service<br>Centralized Insolvency<br>Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Merrick Bank<br>PO Box 660702<br>Dallas, TX 75266-0702 |
| Sam's Club/ Synchrony Bank<br>PO Box 530942<br>Atlanta, GA 30353-0942 | Shell<br>PO Box 6406<br>Sioux Falls, SD 57117-6406 | Sumter County Tax Collector<br>209 North Florida Street<br>Bushnell FL 33513-6146 |
| The Hogan Law Firm<br>20 South Broad Street<br>Brooksville, FL 34601-2829 | United States Attorney<br>Attn: Civil Process Clerk<br>400 N. Tampa Street<br>Suite 3200<br>Tampa, FL 33602-4774 | United States Attorney<br>Department of Justice<br>950 Pennslyvania Avenue NW<br>Washington, DC 20530-0001 |
| Verizon Wireless<br>PO Box 4001<br>Acworth, GA 30101-9002 | Wells Fargo Bank, N.A.<br>Wells Fargo Card Services<br>PO Box 10438, MAC F8235-02F<br>Des Moines, IA 50306-0438 | Wells Fargo Card Services<br>PO Box 77053<br>Minneapolis, MN 55480-7753 |
| Aaron R. Cohen +<br>P.O. Box 4218<br>Jacksonville, FL 32201-4218 | Jacob A. Brown +<br>Akerman LLP<br>50 North Laura Street<br>Suite 3100<br>Jacksonville, FL 32202-3659 | David E Hicks +<br>Kelley Kronenberg, Attorneys at Law<br>1511 N. Westshore Blvd., Suite 400<br>Tampa, FL 33607-4596 |
| United States Trustee - JAX 13/7 +<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | David S Jennis +<br>Jennis Law Firm<br>606 East Madison Street<br>Tampa, FL 33602-4029 | Eric D Jacobs +<br>Jennis Law Firm<br>606 East Madison Street<br>Tampa, FL 33602-4029 |
| Christian W Waugh +<br>Waugh Law, P.A.<br>13940 US Highway 441, Suite 906<br>The Villages, FL 32159-8954 | Note: Entries with a '+' at the end of the<br>name have an email address on file in CMECF | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Jerry A. Funk
Jacksonville

End of Label Matrix
Mailable recipients    28
Bypassed recipients     1
Total                  29

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

GEORGE W. SCHWAN,  Case No.: 3:17-bk-00912-JAF

    Debtor.  Chapter 7
_____/

ORDER APPROVING SETTLEMENT AGREEMENT
BY AND AMONG TRUSTEE, DEBTOR, DIANE SCHWAN, GALE DEEM,
THE DIANE L. SCHWAN TRUST AND RIGHT TIME INVESTMENTS, LLC

THIS CAUSE came before the Court upon the Motion (the "Motion") (Doc. )[1] of Aaron R. Cohen, as Chapter 7 Trustee, approving the terms of the Settlement Agreement by and among (i) the Trustee, on the one hand, and (ii) the Debtor, George W. Schwan, (iii) Diane Schwan, (iv) Gail Deem, (v) the Diane L. Schwan Trust, and (vi) Right Time Investments, LLC, on the other hand. There being no objection to the Motion after proper notice to interested parties pursuant to Local Bankruptcy Rule 2002-4 on September __, 2017, it is

**ORDERED:**

1.    The Motion is GRANTED.

---

[1] Defined terms from the Motion are incorporated by reference herein.

42715055;2

**Exhibit A**

2. The Settlement Agreement is approved and is fully enforceable in all respects. The Trustee, the Debtor, and the Debtor-Related Parties shall comply with all terms of the approved Settlement Agreement.

3. The Debtor and the Debtor-Related Parties shall pay the Trustee the Settlement Payment ($52,000.00) on or before the fourteenth (14th) day after entry of this Order.

4. The source of the Settlement Payment will be funds in Diane's 401k retirement account.

5. The Settlement Payment shall be by check payable to Aaron R. Cohen, Trustee, and mailed to the Trustee at Post Office Box 4218, Jacksonville, FL 32201-4218.

6. The Settlement Payment shall be property of the Debtor's bankruptcy estate, free and clear of all liens, claims, and encumbrances, and the Trustee shall distribute the Settlement Payment in accordance with the provisions of 11 U.S.C. § 726.

7. Upon the Trustee's timely receipt of the Settlement Payment in good and sufficient funds, the Trustee will withdraw the Objection to Exemptions and Turnover Motion.

8. Upon the Trustee's timely receipt of the Settlement Payment in good and sufficient funds, that certain Notice of Lis Pendens (Sumter County) filed on or about October 12, 2016, and recorded on or about September 19, 2016, at Official Records Book 3155, Page 140, of the current public records of Sumter County, Florida (the " Notice of Lis Pendens") shall be deemed dissolved and no further effect. Within ten (10) days of written request of the Debtor, the Trustee and Linda shall execute and deliver a withdrawal and release of Notice of Lis Pendens.

9. Except as otherwise specifically provided in the Settlement Agreement, upon this Order becoming a Final Order and the Settlement Payment being timely made to the Trustee, the

**Exhibit A**

Trustee on behalf of the Debtor and the bankruptcy estate, shall be deemed to have released the Debtor and the Debtor-Related Parties and each of their current and former subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, shareholders, employees, agents, representatives and counsel (collectively, the "Debtor Releasees"), from any and all known or unknown claims, causes of action, suits, debts, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind whatsoever, including but not limited to any and all claims arising out of or related to 11 U.S.C. §§ 544, 547 to 551, Chapter 726 of the Florida Statutes, the State Court Complaint, State Court Judgment, and Proceedings Supplementary Claims; *provided, however* that this release shall not release nor be deemed to have released any other claims, causes of action, suits or demands of the Trustee or the estate of any kind against any person or entity besides the Debtor Releasees.

10. Except as otherwise specifically provided in the Settlement Agreement, upon this Order becoming a Final Order, the Debtor Releasees, its and their current and former subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, shareholders, employees, agents, representatives and counsel, shall be deemed to have released the Trustee and the bankruptcy estate and each of his and its current and former subsidiaries, affiliates, predecessors, successors, assigns, officers, directors, shareholders, employees, agents, representatives and counsel (collectively, the "Trustee Releasees"), from any and all known or unknown claims, causes of action, suits, debts, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind whatsoever, including but not limited to any and all claims arising out of or related to 11 U.S.C. §§ 544, 547 to 551, Chapter 726 of the Florida Statutes, the State Court Complaint, State Court Judgment, and Proceedings Supplementary Claims; *provided, however* that this release shall not release nor be deemed to have released any

42715055;2

**Exhibit A**

other claims, causes of action, suits or demands of the Trustee or the estate of any kind against any person or entity besides the Trustee Releasees.

11. Except as otherwise specifically provided in the Settlement Agreement, upon this Order becoming a Final Order and the Settlement Payment being timely made to the Trustee, all creditors in this bankruptcy case and any other persons or entities who have held, hold or may hold claims against the Debtor, Trustee or the bankruptcy estate regardless of the filing, lack of filing, allowance or disallowance of such a claim or interest, and any successors, assigns or representatives of such entities shall be precluded and permanently enjoined on and after the Petition Date from (a) the commencement or continuation in any manner of any claim, action or other proceeding of any kind with respect to any claim, interest or any other right or claim against the Debtor and the Debtor-Related Parties for any and all matters related to the Debtor and the Debtor-Related Parties which it possessed or may possess prior to the Petition Date, including but not limited to the State Court Complaint, State Court Judgment, and Proceedings Supplementary Claims, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order with respect to any claim, interest or any other right or claim against the Debtor and the Debtor-Related Parties for any and all matters related to the Debtor and the Debtor-Related Parties which such entity possessed or may possess prior to the Petition Date, (c) the creation, perfection or enforcement of any encumbrance of any kind with respect to any claim, interest or any other right or claim against the Debtor and the Debtor-Related Parties for any and all matters related to the Debtor and the Debtor-Related Parties which it possessed or may possess prior to the Petition Date, and (d) the assertion of any claims that are released hereby.

42715055;2

**Exhibit A**

12. The settlement and releases set forth in the Motion and approved by this Order shall not impact (a) any creditor's rights to assert a general unsecured nonpriority claim in the bankruptcy case or the Trustee's right to challenge the same, and (b) any claim raised by Linda in the Adversary Proceeding or any defense of the Debtor thereto.

13. The Court reserves jurisdiction to enforce the terms of this Order and the Settlement Agreement.

Attorney Jacob A. Brown is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of this Order.

42715055;2

**Exhibit A**