**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GEORGE W. SCHWAN,                                        Case No.: 3:17-bk-00912-JAF

            Debtor.                                        Chapter 7

_____/

## MOTION IN LIMINE TO PRECLUDE USE OF DEPOSITION TRANSCRIPTS

George W. Schwan (the "Debtor"), by counsel, hereby respectfully moves this Court for an order *in limine* precluding the use of certain deposition transcripts as evidence in the trial on *Creditor Linda Diamond's Motion to Dismiss Chapter 7 Case Pursuant to 11 U.S.C. § 707(a)* (Doc. No. 27) (the "Motion to Dismiss"), and in support states as follows:

1.      On March 20, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") (Doc. No. 1) under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, in the case styled *In re George W. Schwan*, Case No: 3:17-bk-00912-JAF (the "Bankruptcy Case").

2.      A Chapter 7 Trustee was appointed on March 21, 2017.

3.      Creditor Linda Diamond filed the Motion to Dismiss on July 9, 2017. Both the Debtor and the Chapter 7 Trustee filed objections to the Motion to Dismiss.

4.      On September 13, 2017, this Court entered its *Order Scheduling Trial* (Doc. No. 40) (the "Trial Order") setting the Motion to Dismiss for trial on January 11, 2018.

5.      The Trial Order provided, *inter alia*, "Parties, shall comply with all requirements of Local Rules 7001-1 and 9070-1 and Administrative Order FLMB-2015-6 concerning Exhibits."

6.      Local Rule 7001-1(l) provides "Parties shall file … any designations of depositions at least 28 days before trial.". As the trial on the Motion to Dismiss is scheduled for January 11, 2018, designations of deposition transcripts were due to be filed on or before December 14, 2017.

7.      Linda Diamond filed her Exhibit List (Doc. No. 65) on January 4, 2018[1], which states that Ms. Diamond intends to introduce: (1) the deposition of George Schwan dated 6/10/15; and (2) the deposition of Diane Schwan dated 2/26/16.

8.      On January 4, 2018, Linda Diamond filed *Movant's Deposition Designations for Trial Dated January 11, 2018* (Doc. No. 66), which designated portions of the deposition of George Schwan dated 6/10/15. To date Linda Diamond has not filed designations for the deposition of Diane Schwan dated 2/26/16.

9.      As Linda Diamond failed to comply with this courts Trial Order and Local Rule 7001-1 by timely filing designations of deposition transcripts at least 28 days prior to trial, Linda Diamond should be prevented from presenting the deposition transcripts at trial[2].

10.     The Debtor has been prejudiced by Linda Diamond's failure to comply with this Court's order and the local rules. The Debtor has not been provided adequate time to counter-designate and prepare objections to Linda Diamond's designations. Local Rule 7001-1 provides fourteen days to object to deposition designations; there are only seven days (including the weekend) between the filing of the designations and trial, which is insufficient.

WHEREFORE, the Debtor respectfully requests the entry of an order: (1) granting this motion; (2) preventing the use of deposition transcripts at trial by Linda Diamond; and (3) granting such other relief as the Court deems appropriate.

---

[1] Undersigned counsel first learned of Ms. Diamond's intent to use deposition transcripts on January 2, 2018, during a telephone call with her counsel.

[2] To the extent this motion is not grated, the Debtor reserves the right to object to the use the depositions at trial on other grounds, including but not limited to, hearsay.

DATED this 5th day of January 2018.

*/s/ Eric D. Jacobs*
David S. Jennis
Florida Bar No. 775940
Eric D. Jacobs
Florida Bar No. 85992
**Jennis Law Firm**
400 N. Ashley Dr., Ste. 2540
Tampa, FL 33602
Telephone: (813) 229-2800
Email: ejacobs@jennislaw.com
Counsel to the Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail and/or the Court's CM/ECF electronic service to **Aaron R. Cohen**, P.O. Box 4218, Jacksonville, FL 32201-4218; **Michael Nardella**, 250 East Colonial Drive, Suite 102, Orlando, FL 32801; and to **Jacob A. Brown**, Akerman LLP, 50 North Laura Street, Suite 3100, Jacksonville, FL 32202; and to those parties who receive electronic notices via CM/ECF in the ordinary course of business, on this 5th day of January 2018.

*/s/ Eric D. Jacobs*
Eric D. Jacobs