**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re:

GEORGE W. SCHWAN,   Case No. 3:17-bk-00912-JAF
                    Chapter 7
    Debtor.
_____/

**RESPONSE IN OPPOSITION TO DEBTOR'S MOTION IN LIMINE
TO PRECLUDE USE OF DEPOSITION TRANSCRIPTS (DOC. 68)**

Linda Diamond, in her capacity as Personal Representative of the Estate of Benjamin Diamond, as Successor Trustee of the Benjamin Diamond Revocable Trust dated 12/30/2003 and as President of Diamond Neon Supply Company, a Florida corporation (cumulatively and generally referred to hereafter as "Diamond"), through her undersigned counsel, hereby files this Response in Opposition to the Debtor's Motion *in Limine* to Preclude Use of Deposition Transcripts (the "Motion) (Doc. 68), and in support states as follows:

On September 13, 2017, this Court entered its Order Scheduling Trial (Doc. 40) (the "Trial Order"). As this is a contested matter, and not an adversary proceeding, the Trial Order provided, *inter alia*, as follows:

> 2. **Exhibits**. Parties, shall comply with all requirements of Local Rules 7001-1 and 9070-1 and Administrative Order FLMB-2015-6 **concerning Exhibits**. Parties shall exchange exhibits no later than seven days before the trial.

Trial Order at ¶2 (emphasis added).

The Trial Order plainly states that Local Rule 7001-1, the rule on procedures for adversary proceedings, only applies to this contested matter insofar as it is "**concerning Exhibits**." It does not incorporate or integrate any other provisions of Local Rule 7001-1 that are not "concerning

Exhibits."

Importantly, Local Rule 7001-1 has a separate, distinct subparagraph, namely subparagraph (m), which is entitled "*Exhibits*" and which is the obvious, and sole, provision of the rule that is incorporated by the Trial Order. Notably, the Trial Order does not incorporate subparagraph (*l*) of Local Rule 7001-1, which is entitled "*Pretrial Disclosures of Witnesses and the Use of Depositions*." It is subparagraph (*l*) that requires deposition designations to be filed 28 days before trial, but subparagraph (*l*) only applies in adversary proceedings, not contested matters. *See* Local Rule 7001-1(a) ("This rule applies to all adversary proceedings and, if ordered by the Court, to contested matters.").

Because only the provisions of Local Rule 7001-1 "concerning Exhibits" were incorporated into the Trial Order, the other provisions of the Rule concerning other matters, including depositions and the use of depositions at trial, do not apply to this contested matter. In fact, the Trial Order states as follows in ¶ 7: "**Additional Deadlines**. None." This makes sense because often contested matters occur on a much tighter timeframe than adversary proceedings.

On January 4, 2018, Diamond filed her Exhibit List (Doc. 65) (the "Diamond Exhibit List") and uploaded her exhibits in compliance with the Trial Order, Local Rule 7001-1(m), and Local Rule 9070-1. The Diamond Exhibit List discloses two deposition transcripts as exhibits. One is a deposition of the Debtor, George Schwan (the "G. Schwan Deposition"), and one is a deposition of the Debtor's spouse Diane Schwan (the "D. Schwan Deposition," and together with the G. Schwan Deposition, the "Depositions"). Both transcripts of the Depositions were timely listed and uploaded as exhibits. There was and is no requirement that designations be filed at all in this contested matter.[1]

---

[1] Notably, both Depositions were attached, in full, as exhibits to the original Motion to Dismiss (Doc. 27) and cited extensively, undercutting Debtor's argument in the Motion that he has not been provided adequate time to prepare.

Also on January 4, 2018, Diamond filed Deposition Designations for the G. Schwan Deposition (Doc. 66) (the "Designations"). Diamond filed the Designations as a professional courtesy because Debtor had requested that designations be made. Debtor had indicated that he would object to entry of the G. Schwan Deposition as an exhibit without designations as he felt certain parts of the G. Schwan Deposition were irrelevant and potentially prejudicial. In the interests of working with opposing counsel to narrow as many pre-trial issues as possible, and to avoid any potentially unnecessary battles, the undersigned filed the Designations so that all parties would be aware of what portions of the G. Schwan Deposition would be used in evidence and to assure Debtor that not all portions of the G. Schwan Deposition would need to be entered into evidence.

**WHEREFORE**, Diamond respectfully requests that this Court deny the Motion and grant such other relief as the Court deems just and proper.

Dated this 5th day of January, 2018.

Respectfully submitted,

*/s/ Michael A. Nardella*
Michael A. Nardella, Esq.
Florida Bar No. 051265
**Nardella & Nardella, PLLC**
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com
cgraham@nardellalaw.com
afebres@nardellalaw.com

**Co-Counsel for Creditor Linda Diamond**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was furnished via electronic mail using the Court's CM/ECF system this 5th day of January, 2018 to all other creditors and parties in interest participating in CM/ECF in this instant case.

/s/ *Michael A. Nardella*
Michael A. Nardella, Esq.